```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA
```

HELEN DOLAN, in her capacity                    CIVIL ACTION
as natural tutrix for J.D.D.

VERSUS                                          NO: 12-2911

PARISH OF ST. TAMMANY, ET AL.                   SECTION: R

## ORDER AND REASONS

Defendants move the Court to stay these proceedings pending the disposition of a pending criminal prosecution against J.D.D.[1] Because the outcome of J.D.D.'s criminal case is irrelevant to the remaining issues in this lawsuit, the Court DENIES defendants' motion for a stay.

## I.   BACKGROUND

This action arises out of the arrest, confinement, and prosecution of plaintiff Helen Dolan's seventeen year-old son, J.D.D. On July 25, 2012, deputies with the Washington Parish Sheriff's Office allegedly went to the Dolan home to place J.D.D. into custody pursuant to a warrant issued in connection with investigation into an alleged sexual battery.[2] Deputy Tommie Sorrell read J.D.D. his *Miranda* rights in the presence of his parents, rights that plaintiff and J.D.D. allegedly invoked.[3]

---

[1]   R. Doc. 43.

[2]   R. Doc. 1 at 4.

[3]   R. Doc. 1 at 5.

According to the complaint, Deputy Damon Mitchell of the Washington Parish Sheriff's Office then transported J.D.D. to the Bogalusa police station, again read J.D.D. his *Miranda* rights, and began an interrogation despite J.D.D.'s invocation of his right to counsel.[4] At the police station, Sorrell and Jason Mire, of the St. Tammany Parish Sheriff's Office, allegedly interrogated J.D.D. for nearly one and one-half hours, recording his statements, and persuaded J.D.D. to sign a *Miranda* waiver.[5] Plaintiff alleges that defendants obtained an arrest warrant after the interrogation, and J.D.D. was booked into the Washington Parish Jail.[6]

On July 27, 2012, J.D.D. was allegedly transported to the St. Tammany Parish Jail, where he remained until August 1, 2012.[7] Plaintiff alleges that J.D.D.'s treatment there violated his civil rights. Specifically, plaintiff complains of J.D.D.'s confinement in a holding cell known as a "squirrel cage," his inability to take his prescribed medication, and the lack of adequate food.[8] Plaintiff also claims that St. Tammany Parish District Attorney Walter Reed and Assistant District Attorney Ysonde Boland filed a Bill of Information against J.D.D. despite

---

[4] *Id.* at 5-6.

[5] *Id.* at 6.

[6] *Id.* at 7.

[7] *Id.* at 8-9.

[8] *Id.* at 9, 12.

receiving information indicating that J.D.D.'s *Miranda* rights had been violated.[9]

On December 9, 2012, Helen Dolan filed suit on behalf of J.D.D. against St. Tammany Parish, St. Tammany Parish Sheriff Jack Strain, Washington Parish Sheriff Randy Seal, Tommie Sorrell, Damon Mitchell, Jason Mire, Walter Reed, and Ysonde Boland. Citing J.D.D.'s status as a minor, plaintiff claims that J.D.D.'s constitutional rights were violated through his arrest, lack of access to counsel, confinement, and prosecution.

On June 26, 2013, the Court dismissed defendants Walter Reed, Ysonde Boland, and St. Tammany Parish from the case.[10] The Court also granted plaintiff's motion for a limited stay of the proceedings based on plaintiff's argument that J.D.D.'s Fifth Amendment right against self-incrimination would be violated in his criminal matter were he required to provide deposition testimony in the civil proceeding. After issuing that stay, the Court set this case for trial on March 24, 2014.[11]

On January 14, 2014, defendants moved to stay the proceedings again, contending that they cannot adequately defend against plaintiff's claims until the criminal prosecution of J.D.D. concludes. Defendants' arguments are based on the Supreme

---

[9]    *Id.* at 13.

[10]   R. Doc. 38.

[11]   R. Doc. 40.

Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), that a plaintiff may not bring a section 1983 suit that, if successful, would impugn the validity of an underlying criminal conviction.

On January 20, the parties jointly stipulated to dismiss with prejudice all claims against Sheriff Seal, Sorrell, Mire, and Mitchell, leaving only Sheriff Strain and unnamed employees of Sheriff Strain as defendants in this lawsuit.[12] In light of that dismissal, plaintiffs' remaining claims concern only J.D.D.'s allegedly unconstitutional treatment in the St. Tammany Parish Jail between July 27, 2012 and August 1, 2012.[13]

## II. DISCUSSION

### A. The *Heck* Doctrine

In *Heck*, a prisoner who had been convicted of voluntary manslaughter brought an action under section 1983 against police and prosecutors while his appeal was still pending, arguing that his arrest and conviction were unlawful. The suit, however,

---

[12] R. Doc. 55. Under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the plaintiff may dismiss an action without a court order by filing a stipulation of dismissal signed by all parties who have appeared.

[13] *See* R. Doc. 1 at 8-12, 20-21. Plaintiff's submissions to the Court confirm that her complaint's causes of action against Sheriff Strain and his employees are based solely on J.D.D.'s treatment in the St. Tammany Parish Jail after his arrest. *See, e.g.*, R. Doc. 46-2 at 2 ("[T]he civil rights case has solely to do with what occurred *after* J.D.D. was incarcerated in the St. Tammany Parish Jail in Covington, Louisiana."); R. Doc. 51-3 at 2 ("Sheriff Strain is being sued for the constitutionally deficient jail conditions and treatment of J.D.D. from July 27, 2012 through August 1, 2012 . . . .").

sought only damages; the prisoner did not request injunctive relief or release from custody. 512 U.S. at 478-79.

The Supreme Court explained that Heck's section 1983 suit was analogous to an action based on the common-law tort of malicious prosecution. *Id.* at 483-84. It noted that an action for malicious prosecution requires that the criminal proceeding be terminated in favor of the accused. *Id.* at 484. Otherwise, a convicted defendant could mount a collateral attack on his conviction in the guise of a civil suit. *Id.* at 483-85.

The *Heck* Court determined that the "hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution." *Id.* at 486. The Court stated:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 486-87.

Accordingly, when a district court confronts a section 1983 action for damages that implicates a criminal conviction or

sentence, it must determine whether a ruling for the plaintiff "would necessarily imply the invalidity" of the conviction or sentence. If the court determines that it would, the action cannot proceed unless the conviction has been vacated, invalidated, or overturned. *Id.* at 487. But, if "the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed." *Id.*

### B. Application of *Heck* to Pending Criminal Prosecutions

When a plaintiff files a section 1983 lawsuit that implicates a *pending* criminal prosecution, "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case . . . has ended." *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007); *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) (in such a situation, "[t]he court may -- indeed should -- stay proceedings in the section 1983 case until the pending criminal case has run its course"); *see also Brown v. Taylor*, 139 F. App'x 613, 613 (5th Cir. 2005). This is because the court will often be able to determine whether *Heck* bars the civil suit only after the criminal proceedings conclude. *See Wallace*, 549 U.S. at 394; *Mackey*, 47 F.3d at 46.

The Court finds that a stay is not warranted here because the only remaining claims in this lawsuit concern the conditions

of J.D.D.'s confinement in the St. Tammany Parish Jail after his arrest. As defendants concede,[14] success on those claims would not impugn the validity of any potential criminal conviction. To put it another way, the proposition that J.D.D.'s treatment in jail after his arrest was unconstitutional is not inconsistent with the proposition that he was guilty of the charge for which he was arrested. *See VanGilder v. Baker*, 435 F.3d 689, 693 (7th Cir. 2006) (noting that "*Heck*'s favorable-determination requirement does not apply where a prisoner challenges only the conditions of confinement, not the fact or duration of his confinement." (citing *Alejo v. Heller*, 328 F.3d 930, 937 (7th Cir. 2003))); *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996) (plaintiff's claims challenging the conditions of his post-arrest confinement not barred by *Heck* because they were "unrelated to the validity of [his] subsequent convictions and sentences").

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES defendants' motion for a stay.

New Orleans, Louisiana, this 30th day of January, 2014.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[14] *See* R. Doc. 43-1 at 2.